IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSE MADRIZ, *et al.* | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:11-CV-0251-N |
| | § | |
| WRIGHT TREE SERVICE, INC., *et al*. | § | |
| | § | |
| Defendants. | § | |

## ORDER

This Order addresses Defendants Wright Tree Service Inc. and Tim Bingman's

motion for summary judgment [27].  For the reasons that follow, the Court grants the motion

in part and denies it in part.

### I.  MADRIZ AND MANCILLA'S FLSA CLAIM

Plaintiffs Jose Madriz and Agustin Mancilla (collectively, "Plaintiffs") were both

hourly employees of Defendant Wright Tree Service, Inc., serving together on a two-man

crew trimming  trees growing around utility lines.[1]  Given the nature of the job, Madriz had

to drive both of them to and from various work sites every work day.  Tuesdays through

Fridays, the two would meet at a company facility in Garland, pick up a Wright Tree work

truck, and drive to the first job site.

---

[1]Mancilla still works for Wright Tree, but Madriz does not.  Wright Tree terminated
Madriz on May 13, 2012.

ORDER – PAGE 1

Plaintiffs' official, regular hours were from 7:00 a.m. until 5:30 p.m., Tuesday through Friday, with an unpaid thirty-minute break for lunch, for a total of forty hours a week. Plaintiffs occasionally worked pre-approved overtime hours outside of the typical workday and do not dispute that Wright Tree has previously paid some overtime compensation for those hours.

This dispute revolves around the time Plaintiffs spent driving to and from the work sites to start and end the day. Plaintiffs sued Wright Tree and one of Wright Tree's division managers, Tim Bingaman, seeking to recover unpaid overtime for pre-7:00 a.m. and post-5:30 p.m. driving times. Wright Tree and Bingaman now move for summary judgment.

## II. SUMMARY JUDGMENT STANDARD

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In making this determination, courts must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Courts, however, need not sift through the record in search of triable issues. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006).

The moving party bears the initial burden of informing the court of the basis for its belief that there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this showing, the burden shifts to the nonmovant to establish that there is a genuine issue of material fact so that a reasonable jury might return

ORDER – PAGE 2

a verdict in its favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Moreover, "[c]onclusory allegations, speculation, and unsubstantiated assertions" will not suffice to satisfy the nonmovant's burden. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc). Indeed, courts resolve factual controversies in favor of the nonmoving party "'only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts.'" *Olabisiomotosho v. City of Hous.*, 185 F.3d 521, 525 (5th Cir. 1999) (quoting *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995)).

### III. PLAINTIFFS FAILED TO SHOW THAT BINGAMAN IS AN EMPLOYER UNDER THE FLSA

The Fair Labor Standards Act ("FLSA") holds "employers" liable for failing to pay their employees overtime wages for any hours over the forty that the employee works during any given week. 29 U.S.C. §207(a)(2) The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to any employee." 29 U.S.C. §203(d). To determine whether or not a person is an employer for purposes of the FLSA, the Fifth Circuit employs the "economic reality test." *Watson v. Graves*, 909 F.2d 1549, 1556 (5th Cir. 1990). In applying the test, the Court considers whether the alleged employer: "(1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.* at 1553. In cases where there may be more than one employer, this Court "must apply the economic realities test to each

individual or entity alleged to be an employer and each must satisfy the four part test." *See id.* at 1556. Plaintiffs fail to raise a fact issue that Bingman is an employer under the statute.

### A. *Plaintiffs Offer Some Evidence that Bingaman Possessed the Power to Hire and Fire Similarly-Situated Employees*

Plaintiffs have offered some evidence that Bingaman had the authority to hire and fire employees situated similarly to Plaintiffs. Wright Tree's corporate representative, Kendra Julie Chapman, testified that Bingaman did have authority to hire and fire those employees at Plaintiffs' level. Specifically, she agreed that a "division manager of the Lone Star division like Mr Bingaman . . . [has] the authority to hire and terminate employees on his own" and that firing Madriz was or would have been "within his rights within the company." Dep. of Kendra Julie Chapman 47:11-20, *in* App'x to P.'s Resp. to Def.'s Mot. Sum. J. 35 (hereinafter "Chapman Dep."). Because Plaintiffs offer some evidence that Bingaman has authority to hire and fire Plaintiffs, the Court finds that this factor weighs in favor of finding Bingaman obtained employer status.

### B. *Plaintiffs Offer No Evidence that Bingaman Controlled Employee Work Schedules*

Plaintiffs point to two pieces of evidence that Bingaman controlled their work schedules and the conditions of their employment. First, Plaintiffs state that Bingaman's office reviews the employee time sheets. Pls.' Resp. to Defs. Mot. Summ. J. 10. Second, Plaintiffs state that Bingaman "directed the specifics of Plaintiffs['] work – down to and even including when they could go to the restroom." *Id.*

Plaintiffs cited evidence, however, indicates only that Bingaman's *office* maintains

the time records. Chapman Depo. at 94:18-95:3. Simply working in an office that has some

control over time records is insufficient to show that Bingaman himself had control over

schedules. And more importantly, reviewing time records for accuracy is not the same as

supervising and controlling work schedules. Determining whether or not a time sheet

correctly shows hours worked by individual employees is not the same as setting the

employee's work schedule. Chapman, in fact, stated that the general foreman is in charge

of directing the schedule of similarly situated employees on a day-to-day basis. Chapman

Depo. at 96:17-97:1.

Plaintiffs also state that Bingaman directed the specifics of their employment, offering

their affidavits as proof. But in those affidavits, Plaintiffs only state that Bingaman once said

that he did not care where employees used the restroom on their way to their first job.

Madriz Aff. ¶ 6, Mancilla Aff. ¶ 6. At most, this evidence indicates that Plaintiffs believed

that Bingaman had some authority over conditions of their employment; it proves nothing

regarding whether Bingaman actually had the authority to direct the conditions of their

employment.

Because these are the only two pieces of evidence that Plaintiffs point to, and neither

is sufficient to raise a fact issue about Bingaman's authority to set Plaintiff's work schedules

or affect the conditions of their employments, the Court finds that this factor weighs against

a finding of Bingaman's employer status.

### C.  *Plaintiffs Offer No Evidence that Bingaman Determined Plaintiffs' Rate and Method of Payment*

ORDER – PAGE 5

Although Plaintiffs allege that Bingaman determined Plaintiffs' rate of pay and hours worked, they point to no evidence to support their allegation. Bald, unsupported allegations in a brief are incompetent summary judgment evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc). Further, Plaintiffs allege that Bingaman himself determined the rate and method of payment of Plaintiffs by "putting in place and enforcing a policy where employees would not be [p]aid for more than ten hours." P.'s Resp. to D.'s Mot. for Summ. J. 14-15. Although there is evidence of a verbal policy against unauthorized overtime, Plaintiffs do not point to any evidence that Bingaman implemented or enforced this policy. Plaintiffs do not point to any evidence or even allege that Bingaman had control over their pay rate. Accordingly, the Court finds that this factor weighs against finding Bingaman's employer status.

### D.  Plaintiffs Offer No Evidence that Bingaman Maintained Employment Records

Plaintiffs point to the same evidence to show Bingaman's control of employment records that they point to in their attempt to show that Bingaman controlled their schedule and conditions of their employment. P.'s Resp. to Def. Mot. for Summ. J. 10. Here, too, the evidence is unavailing. Again, Plaintiffs' evidence shows that Bingaman's office reviews time sheet records and maintains a copy of them. But this does not prove that Bingaman is responsible for keeping those records. Accordingly, the Court finds that this factor weighs against treating Bingamann as an employer.

### E.  Plaintiffs Fail to Raise a Fact Issue Regarding Bingaman's Employer Status

Although one factor weighs in favor of Bingaman's employer status — there is some evidence that Bingaman had authority to hire and fire employees in Madriz and Mancilla's position — deciding whether any particular defendant is an employer is a "totality of the circumstances" process, *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 971 (5th Cir. 1984), focusing on the economic realities presented by the facts of each cases. *Graves*, 909 F.2d at 1556. Further, whether a person is an employer under the FLSA is a question of law, even though the question is made up of subsidiary findings of fact. *Beliz v. W.H. McLeod & Sons Packing Co.*, 765 F.2d 1317, 1327 (5th Cir. 1984).

Even taking all of the summary judgment evidence in light most favorable to Plaintiffs, three of the four economic reality factors weigh against a finding that Bingaman is an employer. The *only* evidence supporting Bingaman's employer status is Chapman's statement that Bingaman has the authority to fire employees like Plaintiffs. The Court finds that this evidence, standing alone, is insufficient as a matter of law to show Bingaman is an employer under the FLSA. Accordingly, the Court grants Wright Tree's motion for summary judgment on Plaintiffs' claims against Tim Bingaman.

## IV. WRIGHT TREE IS NOT ENTITLED TO SUMMARY JUDGMENT

Generally, the FLSA requires an employer to pay overtime to an employee after the employee has worked over forty hours in one week. 29 U.S.C. § 207(a)(1). Typically, there are three elements to any FLSA unpaid-overtime claim: (1) the defendant employer employed the plaintiff during the time period involved; (2) the plaintiff's work, or the defendant's business, were engaged in interstate commerce; and (3) the defendant failed to

pay the plaintiff the overtime pay required by law.  *Oliver v. Centerpoint Energy, Inc.*, No.

H-10-0189, 2010 WL 2163915, at *2 (S.D. Tex. May 27, 2010) (citing *Harvill v. Westward*

*Commc'ns, L.L.C.*, 433 F.3d 428, 441 (5th Cir. 2005)).  Defendant Wright Tree moves for

summary judgment only on the third element: that Plaintiffs failed to offer sufficient proof

of unpaid overtime wages.

### A.  Plaintiff Have Carried Their Prima Facie Burden to Show Unpaid Overtime Hours by "Just and Reasonable Inference."

To prevail on a claim for unpaid overtime wages, a plaintiff usually bears the burden

of providing with definite and certain evidence that he performed work for which he was not

compensated.  *Reeves v. Int'l Tel. and Tel. Corp.*, 616 F.2d 1342, 1351 (5th Cir. 1980).

However, this standard assumes that the employer had kept adequate records of the

employees' time.  Where records are inadequate, a plaintiff need only show "that he in fact

performed work for which he was improperly compensated" and produce "sufficient

evidence to show the amount and extent of that work as a matter of just and reasonable

inference."  *In re Williams*, 298 F.3d 458, 463 (5th Cir. 2002) (*citing Anderson v. Mt.*

*Clemens Pottery Co.,* 328 U.S. 680, 687-88 (1946)).  An employer cannot escape its duty to

maintain adequate time records by delegating the responsibility to its employees.  *Goldberg*

*v. Cockrell*, 303 F.2d 811, 812 n.1 (5th Cir. 1962).

### 1.  The "Just and Reasonable Inference" Standard, Not the "Definite and Certain" Evidence Standard, Applies to Wright Tree's Summary Judgment Motion.

– Plaintiffs have

at least raised a fact issue regarding the accuracy of Wright Tree's records.  Specifically,

Plaintiffs allege that they were instructed to omit unapproved overtime from their time sheets. Madriz Aff. ¶ 12.  Such an allegation, if true, would indicate that the defendants' time records are not accurate.  *See Monroe v. FTS USA, LLC*, 763 F. Supp. 2d 979, 988 (W.D. Tenn. 2011) (refusing to grant summary judgment because plaintiffs raised fact issues regarding accuracy of defendant's summary judgment records).  Further, Wright Tree's GPS records also call the time sheet records into question.[2]  Although Wright Tree offers evidence to indicate that Wright Tree, at times, may have *overcompensated* Plaintiffs, the GPS records still tend to show possible discrepancies in Wright Tree time sheet records.  Taking this evidence in light most favorable to Plaintiffs, the Court finds that Wright Tree's records are inadequate for purposes of summary judgment and that, accordingly, Plaintiffs  need only show unpaid overtime under the just and reasonable inference standard.

   *2.  Plaintiffs Have Carried Their Burden to Show Unpaid Overtime Hours by Just and Reasonable Inference.* – In determining whether an employee has met its burden to show unpaid overtime where an employer has failed to keep adequate records, "[i]t is . . . a fundamental precept of the FLSA that an employee should not be denied recovery because proof of the number of hours worked is inexact or not perfectly accurate."  *Garner v. Chevron Phillips Chem. Co., L.P.*, 834 F. Supp. 2d 528, 546-47 (S.D. Tex. 2011) (internal quotations and citations omitted).

---

   [2]Because the Court denies Wright Tree's motion for summary judgment, it does not need to resolve Plaintiffs' evidentiary objections, including the objections to the GPS evidence, at this time.

Plaintiffs have carried their burden.  Based on the summary judgment evidence, it is undisputed that Plaintiffs were not paid for time spent driving to their first work site of the day or home from the last work site of the day.  Rather, the parties dispute how often and how long Plaintiffs needed to travel outside the regular work day.  But evidence shows that Plaintiffs spent at least fifteen minutes every morning, and at least another fifteen minutes every evening, driving to and from work sites.  And there is some evidence that Plaintiffs did at least part of this travel before 7:00 a.m. and after 5:30 p.m.  Further, Plaintiffs offer evidence that they were required to inspect the truck prior to leaving for the first job site as well.  Depo. of Roberto Reveles 86:9-86:17, *in* P.'s App'x to P.'s Resp. to Def. Mot. for Summ. J. 26.  Accordingly, the Court finds that Plaintiffs have carried their prima facie burden.  *See Colindres v. QuietFlex Mfg.*, 427 F. Supp. 2d 737, 749 (S.D. Tex 2006) (refusing to grant summary judgment even though plaintiffs did not remember when and where they worked overtime).

*3.    Wright Tree Has Not Conclusively Proven that Plaintiffs' Claims are Unreasonable.* – If a plaintiff meets its just and reasonable inference burden, the burden shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. *Anderson*, 328 U.S. at 687-88.  Wright Tree has not conclusively proved the amount of work performed, nor has it proved as a matter of law that any inference of unpaid overtime based on Plaintiffs' evidence is unreasonable.

ORDER – PAGE 10

Wright Tree claims that the company's GPS records from Plaintiffs' work truck conclusively prove that Plaintiffs' estimations are unreasonable. But Wright Tree points out the deficiencies in its own evidence. For one, the GPS was not installed until a few months after Plaintiffs began working for Wright Tree. Further, the GPS records only indicate when the work truck was on. This would not indicate any work done, for example, prior to leaving the yard in the morning. Further, Defendants cannot explain why the GPS unit was "inexplicably shut off for long periods." Defs.' Mot. Summ. J. 20 n.7.

Wright Tree also points out that it had a policy against employees working unauthorized overtime and that they had a whistleblower provision requiring employees to report FLSA violations. Wright Tree also offers evidence that Plaintiffs *could have* waited until 7:00 a.m. to leave for the first job site of the day, yet chose to leave earlier. Defs.' Mot. Summ. J. 5. But an employer may not shield itself from FLSA liability simply by implementing a policy against unauthorized overtime or turning a blind eye while an employee works outside of his or her required hours. Rather, "[a]n employer who is armed with knowledge that an employee is working overtime cannot stand idly by and allow an employee to perform overtime work without proper compensation, even if the employee does not make a claim for the overtime compensation." *Newton v. City of Henderson*, 47 F.3d 746, 748 (5th Cir. 1995) (quoting *Forrester v. Roth's I.G.A. Foodliner, Inc.*, 646 F.2d 413, 414 (9th Cir. 1981)).

Wright Tree also points out that Plaintiffs admit that drive times varied between fifteen minutes and ninety minutes, that Plaintiffs' time sheets do not show the amount of

ORDER – PAGE 11

time they spent driving to and from the Garland facility each day, and that Plaintiffs'

evidence is at times inconsistent. Def. Mot. Summ. J. 11. But it is undisputed that Plaintiffs

spent at least some amount of time driving, and that this driving sometimes occurred prior

to the official beginning, or after the official end, of the work day.  And although Plaintiffs'

evidence is far from perfect, the burden to keep accurate time records is on Wright Tree, even

if Wright Tree delegates that task to its employees.  *Goldberg*, 303 F.2d at 812 n.1.

Plaintiffs' inconsistencies in estimating unpaid overtime result, in part, from Wright Tree's

failure to maintain records.  Thus, Plaintiffs' inconsistencies do not entitle Wright Tree to

summary judgment.

      Although Wright Tree has offered evidence which calls the reasonableness of

Plaintiffs' evidence into question, Wright Tree's evidence does not conclusively prove the

unreasonableness of Plaintiffs' claim.

      ***4.  There are Issues of Material Fact Regarding Plaintiffs' Unpaid Overtime Claim***

***Against Wright Tree.*** – The Court finds that Plaintiffs raised a fact issue regarding the

adequacy of Wright Tree's time records.  Plaintiffs also carried their burden to show unpaid

overtime by just and reasonable inference.  Although Wright Tree offers evidence tending

to show that Plaintiffs' estimates are unreasonable, Wright Tree failed to conclusively prove

unreasonableness for purposes of summary judgment.  The Court finds summary judgment

inappropriate on Plaintiffs' unpaid overtime claims against Wright Tree because Plaintiffs

raise fact issues regarding the existence and amount of unpaid overtime.

CONCLUSION

Plaintiffs have failed to show that Bingaman was an employer under the FLSA, and accordingly, Bingaman is entitled to summary judgment.  However, Plaintiffs raised issues of material fact regarding their unpaid overtime claims against Wright Tree.  Accordingly, the Court grants in part and denies in part Wright Tree and Bingaman's motion for summary judgment.


Signed October 31, 2012.


_____
David C. Godbey
United States District Judge